IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilyn Barce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 6284 |
| ) | |
| Credit Control, LLC, a Missouri ) | |
| limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Marilyn Barce, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Marilyn Barce ("Barce"), is a citizen of the State of New York from whom Defendant continued to attempt to collect a delinquent consumer debt she owed for an HSBC/Orchard credit card, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Credit Control collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Credit Control is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Credit Control conducts business in Illinois.

6. Moreover, Defendant Credit Control is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Credit Control acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Barce is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC/Orchard credit card When Defendant Credit Control began trying to collect that delinquent debt from Ms. Barce, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions.

8. On August 28, 2009, one of Ms. Barce's attorneys at LASPD told Credit Control, in writing, that Ms. Barce was represented by counsel, and directed Credit

Control to cease contacting her, and to cease all further collection activities because Ms. Barce was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on July 14, 2010, Defendant Credit Control sent a collection letter directly to Ms. Barce which demanded payment of the HSBC/Orchard debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on September 14, 2010, one of Ms. Barce's LASPD attorneys had to again write to Defendant Credit Control to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of Defendant Credit Control's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Barce's agent, LASPD, told Defendant Credit Control to cease communications and cease collections (Exhibit C). By continuing to

3

communicate regarding this debt and demanding payment (Exhibit D), Defendant Credit Control violated § 1692c(c) of the FDCPA.

16. Defendant Credit Control's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Credit Control knew that Ms. Barce was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with Ms. Barce. By directly sending Ms. Barce the July 14, 2010 collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

20. Defendant Credit Control's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Marilyn Barce, prays that this Court:

1. Find that Defendant Credit Control's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Barce, and against Defendant Credit Control, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Marilyn Barce, demands trial by jury.

                Marilyn Barce,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: September 30, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com